(33 P.3d 865)

No. 85,923

STATE OF KANSAS, *Appellee*, v. JON L. WHITESELL, *Appellant*.

Opinion filed November 2, 2001.

*Daniel E. Monnat*, of Monnat & Spurrier, Chartered, of Wichita, for the appellant.

*Richard A. Olmstead*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before GERNON, P.J., BRAZIL, S.J., and JOHN J. BUKATY, JR., District Judge, assigned.

BRAZIL, J.: Defendant Jon L. Whitesell was convicted in October 1998, following a jury trial, of stalking in violation of K.S.A. 21-3438(a), a severity level 10 person felony. Though the presumptive sentence was 24 months' probation, the sentencing court granted the State's motion for an upward departure and sentenced Whitesell to 60 months' probation.

Whitesell appealed his conviction and sentence to this court, and the appeal was transferred to the Kansas Supreme Court pursuant to K.S.A. 20-3018(c). See *State v. Whitesell*, 270 Kan. 259, 13 P.3d 887 (2000) (*Whitesell* I). In August 2000, while the appeal in *Whitesell* I was pending before the Supreme Court, the State filed a motion with the sentencing court "For Continuation or Extension of Nonprison Sanction." The sentencing court granted the motion and ordered Whitesell's probation to be extended until December 23, 2003. Though this order did not change the length of the pro-

bation term, it did limit the appealability of the sentence as discussed below. It is from this order that Whitesell now appeals.

The Supreme Court filed its decision in *Whitesell* I on December 8, 2000. Of particular interest to this appeal, the Supreme Court vacated Whitesell's original sentence of 60 months' probation, holding the sentencing court had failed to comply with K.S.A. 1997 Supp. 21-4716(a), which specifically requires the sentencing court to state on the record the substantial and compelling reasons for departure at the time of sentencing. See *Whitesell*, 270 Kan. at 294. On remand, the sentencing court was allowed to cite on the record the substantial and compelling reasons for departure. 270 Kan. at 294 (citing *State v. Peterson*, 25 Kan. App. 2d 354, 358, 964 P.2d 695 [1998]).

The initial question to be resolved is whether the district court had jurisdiction to modify its sentence of 60 months' probation while Whitesell's appeal of that sentence was pending before the Kansas Supreme Court.

Whitesell argues *State v. Gibbons*, 256 Kan. 951, 966-67, 889 P.2d 772 (1995), controls. In *Gibbons*, based on the specific statutory provisions of K.S.A. 21-4603(d)(1) and (2), the Supreme Court held that once a criminal appeal is docketed, the trial court's jurisdiction ends and any further modification of the sentence may only occur once the sentencing court receives the mandate from the appellate court. The problem with Whitesell's argument is that K.S.A. 21-4603(d)(1) and (2) only apply to crimes committed before July 1, 1993. The crime Whitesell was convicted of was alleged to have occurred in July 1997.

The proper rule under the Kansas Sentencing Guidelines Act was stated in *State v. Smith*, 26 Kan. App. 2d 272, 273, 981 P.2d 1182 (1999):

"When enacting the Kansas Sentencing Guidelines Act (KSGA), the legislature deliberately eliminated the district court's authority to modify a sentence. [Citations omitted.] 'When a lawful sentence has been imposed under [the] KSGA, the sentencing court has no jurisdiction to modify that sentence except to correct "arithmetic or clerical errors" pursuant to K.S.A. 21-4721(i).' "

However, certain changes made by the 2000 legislature conferred on the district court jurisdiction to modify Whitesell's sen-

tence. Whitesell's original sentence of 60 months' probation was controlled by K.S.A. 1997 Supp. 21-4611(c)(1)(B), which provided that the *recommended* sentence for the crime of conviction was a probation term of 24 months. This recommended term of probation was subject to departure pursuant to 21-4716, which the sentencing court used to impose an upward departure of 60 months' probation.

However, L. 2000, ch. 182, § 6 (codified at K.S.A. 2000 Supp. 21-4611 and referenced as such herein) altered the sentencing scheme in effect when Whitesell committed the crime of conviction. K.S.A. 2000 Supp. 21-4611(c)(3) now states the probation term for those who stand convicted of a severity level 10 crime *shall* be up to 12 months in length. However, the district court's discretion in sentencing those convicted of severity level 10 crimes was not totally eliminated by the 2000 legislation. K.S.A. 2000 Supp. 21-4611(c)(5) allows the district court to impose a longer term of probation on those convicted of a severity level 10 felony when the court "finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized."

The new legislation specifically made this new sentencing scheme retroactive and directed the sentencing court to review the sentences of all persons serving a nonprison sentence for a severity level 10 felony and bring them into conformity with K.S.A. 2000 Supp. 21-4611(c) on or before September 1, 2000. K.S.A. 2000 Supp. 21-4611(d). The district court relied on these legislative changes in holding it had jurisdiction to modify Whitesell's sentence. The State continues this argument on appeal.

The legislature is presumed to act with knowledge of relevant judicial decisions. *State v. Creamer*, 26 Kan. App. 2d 914, 920, 996 P.2d 339 (2000). Therefore, we presume the legislature was aware of *Smith*, 26 Kan. App. 2d 272, when enacting K.S.A. 2000 Supp. 21-4611. Our holding in *Smith* directly conflicts with K.S.A. 2000 Supp. 21-4611(c)(5) and K.S.A. 2000 Supp. 21-4611(d).

Statutory interpretation is a question of law, and our review is unlimited. *State v. Stuber*, 27 Kan. App. 2d 160, 177, 1 P.3d 333, *rev. denied* 269 Kan. 940, *cert. denied* 531 U.S. 945 (2000).

The fundamental rule of statutory construction is that the intent of the legislature governs when it can be ascertained. *State v. Bowie*, 268 Kan. 794, 795, 999 P.2d 947 (2000).

When a conflict exists, the most recent enactment controls. See 26 Kan. App. 2d at 920. K.S.A. 2000 Supp. 21-4611(c)(5) and K.S.A. 2000 Supp. 21-4611(d) are the most recent enactments and expressions of legislative intent. Therefore, based on K.S.A. 2000 Supp. 21-4611(c)(5) and K.S.A. 2000 Supp. 21-4611(d), the district court had jurisdiction to modify Whitesell's sentence as provided by that statute.

Whitesell next argues that the sentencing court's order violated the Ex Post Facto Clause of the United States Constitution. The State argues we have no jurisdiction to consider this appeal of a presumptive sentence. We agree.

The district court resentenced Whitesell pursuant to K.S.A. 2000 Supp. 21-4611. As noted above, K.S.A. 2000 Supp. 21-4611 mandates that the sentence for a person convicted of a severity level 10 felony be up to 12 months' probation or assignment to a community correctional services program and that this sentence applies retroactively to those already serving a nonprison sentence. See K.S.A. 2000 Supp. 21-4611(c)(3) and (d). K.S.A. 2000 Supp. 21-4611(c)(5) allows the district court to increase the length of probation upon certain particularized findings. Such an increase in the length of probation "shall not be considered a departure and shall not be subject to appeal." K.S.A. 2000 Supp. 21-4611(c)(5).

Whitesell argues that despite this language, this court may consider the merits of his appeal. Whitesell first directs us to *State v. Schick*, 25 Kan. App. 2d 702, 971 P.2d 346 (1998), *rev. denied* 266 Kan. 1114 (1999). That case offers no support for his position. In *Schick*, we assumed jurisdiction and reversed a presumptive sentence because the district court failed to consider placement in the Labette Correctional Conservation Camp as mandated by K.S.A. 1996 Supp. 21-4603d(a). In holding this court had jurisdiction to consider an appeal of a presumptive sentence, we found the legislature could not have intended to foreclose our review of a sentence not in compliance with the dictates of K.S.A. 1996 Supp. 21-4603d(a). 25 Kan. App. 2d at 703-04. However, the legislature did

specifically intend, as evidenced by the language of K.S.A. 2000 Supp. 21-4611(c)(5), to foreclose our review of an increase of the probation term pursuant to that statute.

Whitesell next argues that because appellate courts have the power to review constitutional claims despite the lack of a contemporaneous objection when consideration of that issue is necessary to serve the ends of justice or to prevent the denial of fundamental rights, this court may review his claim. See, *e.g.*, *State v. Puckett*, 230 Kan. 596, 600-01, 640 P.2d 1198 (1982). *Puckett* and like cases solely dealt with lack of preservation of the issue before the district court. The issue before this court is whether we have jurisdiction. The rule stated in *Puckett* is inapposite and offers no support.

As noted in *State v. Lewis*, 27 Kan. App. 2d 134, 140-142, 998 P.2d 1141, *rev. denied* 269 Kan. 938 (2000), this is the exact type of case for which K.S.A. 60-1507 was designed. K.S.A. 60-1507 allows a prisoner in custody under sentence of a court of general jurisdiction who claims to be held in violation of the United States Constitution to move the court which imposed the sentence to vacate, set aside, or correct the sentence. Even though on probation, Whitesell is "in custody" for the purposes of a K.S.A. 60-1507 motion. See *Miller v. State*, 200 Kan. 700, Syl. ¶ 1, 438 P.2d 87 (1968). Further, the doctrine of res judicata stated in *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990), does not act as a bar to a 60-1507 motion claiming the sentence was imposed in violation of the Ex Post Facto Clause because, as held above, Whitesell cannot present his constitutional argument on direct appeal.

We note that in *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001), the Supreme Court found K.S.A. 21-4716 unconstitutional as applied to upward departures pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). "*Apprendi* . . . requires 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.' " 271 Kan. at 394.

The application of *Gould* to K.S.A. 2000 Supp. 21-4611(c)(5) has not been raised in this appeal, and we will not address it. Even if it had been raised, we would have no jurisdiction to consider the

issue as it is a constitutional question that cannot be received on direct appeal of a presumptive sentence, as explained above.

Affirmed.