(46 P.3d 1212)
No. 85,779

STATE OF KANSAS, *Appellee*, v. JAMES MCINTYRE, *Appellant*.

Opinion filed May 24, 2002.

*Cory D. Riddle*, assistant appellate defender, and *Randall L. Hodgkinson* and *Steven R. Zinn*, deputy appellate defenders, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before KNUDSON, P.J., BEIER and JOHNSON, JJ.

JOHNSON, J.: James McIntyre appeals the district court's imposition of 24 months of probation. We affirm.

In 1998, James McIntyre pleaded guilty to one count each of possession of cocaine and possession of marijuana. McIntyre's presumptive sentence was 24 months' imprisonment, but the sentencing judge imposed a downward dispositional departure sentence and assigned McIntyre to the Labette Correctional Conservation Camp.

One year later, the State filed a motion to revoke McIntyre's probation. McIntyre stipulated to the violations. The district court revoked and reinstated probation and ordered McIntyre to undergo a screening for the Therapeutic Community, which appar-

ently found McIntyre unacceptable for its program because he had never participated in a residential treatment program. McIntyre requested that he be allowed to enter a residential treatment program and that, pursuant to K.S.A. 2001 Supp. 21-4611(c)(3), his probation be reinstated for 12 months. The State, however, argued that the term of McIntyre's probation should be extended to 24 months.

The district court ordered McIntyre to serve 24 months' probation, finding there was "both a safety factor and judicial necessity." The court elaborated that based on a report prepared by the Community Corrections Department, McIntyre had a high probability of having substance dependence disorder and would need extensive treatment. Additionally, McIntyre would be required to return to the Community Corrections Residential Center following his completion of an inpatient treatment program, provided he was accepted into such a program. McIntyre appeals the imposition of 24 months' probation in lieu of 12 months.

Subsequent to the appeal, McIntyre's probation was revoked. McIntyre stipulated to violating the terms of his probation by using drugs, failing to submit to a urinalysis, and failing to obtain full-time employment. The district court denied McIntyre's motion to reinstate his probation and ordered him to serve the remainder of his underlying prison sentence.

## MOOTNESS

In concluding its brief, the State contends the issue presented on appeal is moot because McIntyre's probation was eventually revoked, he was incarcerated, and any issue regarding probation is now irrelevant. We disagree.

" ' "An appeal will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned." [Citation omitted.]' [Citation omitted.]" *Shanks v. Nelson*, 258 Kan. 688, 690-91, 907 P.2d 882 (1995). As McIntyre points out, the State's final motion to revoke was filed more than 12 months after the probationary period at issue began. Conse-

quently, had the district court only ordered 12 months' probation, the State's revocation motion would have been untimely. The State has failed to adequately demonstrate that McIntyre's substantial rights would not be affected by a favorable disposition in this case.

## JURISDICTION

The State also argues that this court lacks jurisdiction to consider the issue on appeal. There is no dispute that the statutorily imposed period of probation for the offenses McIntyre committed is a maximum of 12 months. See K.S.A. 2001 Supp. 21-4611(c)(3). However, K.S.A. 2001 Supp. 21-4611(c)(5) provides that

"[i]f the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided in subsections (c)(3) and (c)(4), the court may impose a longer period of probation. Such an increase shall not be considered a departure and shall not be subject to appeal."

The maximum term which may be imposed by the district court under this statute is 60 months or the maximum period of the prison sentence that could be imposed, whichever is longer. K.S.A. 2001 Supp. 21-4611(c)(6).

The right of appeal is entirely statutory; no appellate review is required by either the United States Constitution or the Kansas Constitution. *State v. Ji*, 255 Kan. 101, 102, 872 P.2d 748 (1994). As a result, Kansas appellate courts generally have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statute. See *Wasson v. United Dominion Industries*, 266 Kan. 1012, 1018-19, 974 P.2d 578 (1999). The issue is whether the language of K.S.A. 2001 Supp. 21-4611(c)(5), which specifies that an increase in the term of probation is not subject to appeal, serves to deprive this court of jurisdiction to review a probation sentence imposed under that statute.

The question requires statutory interpretation over which this court has unlimited review. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000). There appears to be a split in authority among panels of the Court of Appeals as to

whether this court has jurisdiction to entertain appeals such as McIntyre's. Compare *State v. Whitesell*, 29 Kan. App. 2d 905, 908, 33 P.3d 865 (2001) (holding the legislature specifically intended to foreclose review of an increase in probation term pursuant to K.S.A. 2001 Supp. 21-4611(c)(5) by inserting the "not subject to appeal" language), with *State v. Jones*, 30 Kan. App. 2d 210, 214, 41 P.3d 293 (2001) (finding district court's failure to set forth with particularity the reasons for extending probation under K.S.A. 2001 Supp. 21-4611(c)(5) constituted an abuse of discretion resulting in an illegal sentence, which may be corrected at any time). *Jones* was originally filed November 15, 2001, as an unpublished opinion, but on February 8, 2002, the Kansas Supreme Court ordered that *Jones* be published. In a March 20, 2002, summary disposition, the Kansas Supreme Court reversed an unpublished Court of Appeals decision which was filed October 26, 2001, pursuant to "the prior controlling appellate decision in *State of Kansas v. Arnold E. Jones*, 30 Kan. App. 2d 210, (No. 86,452 -filed November 15, 2001)." To summarize, the chronology is as follows:

| | |
|---|---|
| October 26, 2001: | *State v. Shaw*, No. 85,816, finding no authority to review probation extension, filed by Court of Appeals as unpublished opinion. |
| November 2, 2001: | *Whitesell*, finding legislature intended to preclude review of probation extensions, filed by Court of Appeals as a published opinion. |
| November 15, 2001: | *Jones*, finding the absence of trial court findings constitutes a reviewable illegal sentence, filed by Court of Appeals as an unpublished opinion. |
| February 8, 2002: | *Jones* ordered published and show cause order issued in *Shaw* by Supreme Court. |
| March 20, 2002: | Supreme Court summarily reverses *Shaw*, pursuant to the "prior controlling authority" of *Jones*. |

One must infer, therefore, that if the decision of the *Jones* panel is controlling authority upon other Court of Appeals panels, then *Whitesell*, which was also filed before *Jones*, has impliedly been overruled by the Supreme Court. Therefore, we will proceed to consider the merits of the appeal.

*EXTENSION OF PROBATION PERIOD*

To resolve McIntyre's complaint, we must determine whether the trial court set forth with particularity the requisite reasons for extending McIntyre's probationary period. Interestingly, at the hearing, defense counsel made a point to ask the trial judge for clarification on the ruling to comply with the particularity require-ment of K.S.A. 2001 Supp. 21-4611(c)(5). In response, the trial judge explained:

"And I appreciate your position. My feeling is, if I haven't made the record abundantly clear, is I believe that because of the nature of the evaluation that was presented to me by the Community Corrections Department, that he is — does have such a problem, a high probability of having a substance dependence dis-order, plus his psychological personality and the characteristics associated thereto, that he is going to need an extensive outpatient treatment program as well after he is able to get into an in-patient treatment program and the center's program, that I think that an outpatient program is — seems to be warranted.

"And an extensive outpatient treatment program seems to be warranted based upon the evaluation that I've reviewed and received. Understanding your position, and I guess in all candor, that is not — you have, I think, made a sufficient record that I think your position will not be waived if there is any kind of a motion after one year that, you know, the Court didn't sufficiently satisfy, you know, that po-sition. And obviously a transcript can be had of this hearing for that particular motion if one is deemed appropriate."

Clearly, the trial court's ruling was based on its conclusion that McIntyre's welfare would not be adequately served by the 12-month term because his serious drug problem warranted more extensive treatment. The court's reasons are sufficient to satisfy the particularity requirement of K.S.A. 2001 Supp. 21-4611(c)(5). Moreover, the above comments were specifically made in an effort to comply with the relevant statute.

While McIntyre disagrees with the district court's view that 24 months is necessary to complete the extensive treatment he apparently needed, he has failed to show that the ruling constituted an abuse of discretion.

Affirmed.