NOT DESIGNATED FOR PUBLICATION

No. 114,946

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES DUSTIN LEAR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pratt District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed June 17, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*: James D. Lear appeals his sentence following his convictions of multiple crimes. We granted Lear's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On April 15, 2015, Lear pled no contest to two counts of felony theft, four counts of forgery, one count of possession of amphetamine, and one count of misdemeanor theft. On July 27, 2015, the district court imposed a controlling sentence of 26 months' imprisonment but granted probation with community corrections for 24 months. Lear timely appealed.

1

On appeal, Lear claims the district court "improperly imposed a 24-month probation period rather than the 18-month period prescribed by K.S.A. 2013 Supp. 21-6608(c)(4)." Lear acknowledges that the district court's decision to extend probation is reviewed for abuse of discretion. See *State v. McIntyre*, 30 Kan. App. 2d 705, 710, 46 P.3d 1212 (2002).

Lear is correct that K.S.A. 2013 Supp. 21-6608(c)(4) prescribes an 18-month period of probation for his crimes of conviction. However, under K.S.A. 2013 Supp. 21-6608(c)(5), the district court may extend the term of probation if the court finds and sets forth with particularity that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the standard term of probation.

Here, the district court realized that the standard term of probation was 18 months, but the judge imposed a 24-month term of probation "given the number of counts, given the restitution, the issues that exist regarding drug usage and treatment." While the district court's findings do not implicate public safety, the findings were consistent with the conclusion that Lear's welfare would not be served by the standard length of probation. Lear was convicted of eight counts, including seven felony counts. The district court imposed restitution in the amount of $7,368. The district court also ordered Lear to obtain inpatient alcohol and drug treatment and follow all aftercare recommendations. Given the number of counts, the amount of restitution, and the issues with drug treatment, we conclude that the district court did not abuse its discretion by extending the term of probation to 24 months.

Affirmed.

2