(77 P.3d 514)

No. 89,512

STATE OF KANSAS, *Appellee*, v. LARRY L. PURDY, *Appellant*.

Opinion filed October 17, 2003.

*Cory D. Riddle*, assistant appellate defender, for appellant.

*Douglas W. McNett*, assistant county attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., ELLIOTT and MARQUARDT, JJ.

RULON, C.J.: Defendant Larry L. Purdy appeals the district court's extension of his probation. We affirm.

On April 12, 1999, the defendant entered a plea of guilty to possession of methamphetamine with intent to sell, a violation of K.S.A. 65-4161(a), a severity level 3 drug felony. The district court sentenced the defendant to a 36-month probation term, with an underlying prison term of 30 months. The term of probation was set to begin running upon the defendant's release from prison in a separate case. As a special condition of his probation, the defendant was required to successfully complete drug and alcohol treatment while incarcerated and was to come before the court for review of his treatment upon release from prison. The defendant was released from prison on December 4, 2000. On January 18, 2001, the defendant's probation term was reduced to 18 months, in accordance with Senate Bill 323, K.S.A. 2000 Supp. 21-4611(c)(5).

On April 19, 2002, the State filed a motion to revoke the defendant's probation on the grounds that the defendant had failed a drug test, admitted to drug usage, and had been arrested on new drug charges. In response, the defendant filed a motion to correct an illegal sentence, contesting the district court's calculation of the

date his probation term began. In the alternative, the defendant argued that his probation should not be revoked based in part on his good behavior and the irregular nature of his sentence.

On July 24, 2002, a hearing was held on both motions. Following argument on the defendant's motion to correct an illegal sentence, the State presented testimony regarding the defendant's probation violations. Eventually, the district court reinstated the defendant's probation, but extended it for an additional 18 months from June 4, 2002, the date that the original term of probation would have expired. The court further required the defendant to be assessed for drug treatment and to follow the assessment recommendations. The defendant timely appealed.

Subsequent to the appeal, the State filed a motion to revoke the defendant's probation on December 30, 2002. The defendant's probation was ultimately revoked on April 17, 2003, due to "drug use and new drug charges," and the defendant was ordered to serve the underlying 30-month prison sentence.

The defendant does not challenge the revocation of his probation; rather, his only issue on appeal is that the district court failed to set forth with particularity the reasons for extending his probation as required by K.S.A. 2002 Supp. 21-4611(c)(5). As a result, the defendant contends that the extension of his probation constitutes an illegal sentence.

There is no dispute that the statutorily imposed period of probation for the offense the defendant committed is a maximum of 18 months. K.S.A. 2002 Supp. 21-4611(c)(4). However, K.S.A. 2002 Supp. 21-4611(c)(5) provides that

"[i]f the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided in subsections (c)(3) and (c)(4), the court may impose a longer period of probation. Such an increase shall not be considered a departure and shall not be subject to appeal."

Whether a sentencing court has met the statutory requirement of setting forth with particularity the reasons for extending the probation period is appealable. See *State v. McIntyre*, 30 Kan. App. 2d 705, 707-09, 46 P.3d 1212 (2002). Interpretation of a statute is

a question of law over which this court has unlimited review. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

"The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

While neither party raises this issue, we must determine if the statute in question even applies to the present facts. This court has recently interpreted K.S.A. 2002 Supp. 21-4611(c)(5) in *State v. Jones*, 30 Kan. App. 2d 210, 41 P.3d 293 (2001), and *McIntyre*, 30 Kan. App. 2d 705.

The present case may be distinguished from the cases cited above. Both *Jones* and *McIntyre* involve a situation in which the defendant's probation was revoked after Senate Bill 323 took effect. Under the newly created statute, the district court was required to state findings of particularity on the record in order to extend the term of the defendant's probation beyond the presumptive sentence under K.S.A. 2000 Supp. 21-4611(c)(3).

Here, the district court shortened the defendant's original term of probation from 36 months to 18 months in order to comply with K.S.A. 2002 Supp. 21-4611(c)(4). Only after this 18-month term of probation was revoked did the district court extend the defendant's probation term an additional 18 months. Following a probation violation, a district court has authority to continue or revoke the probation and may require the defendant to serve the sentence imposed, any lesser sentence, or any sentence which might have originally been imposed. K.S.A. 2002 Supp. 22-3716(b). A district court is only required to make findings of particularity if the defendant is being sentenced to serve time "in a state facility in the custody of the secretary of corrections without a prior assignment to a community correctional services program." K.S.A. 2002 Supp. 22-3716(b).

Because the defendant was not sentenced to serve time in a state facility, the district court was not required to make findings of

particularity in extending the defendant's probation term. K.S.A. 2002 Supp. 21-4611(c)(5) applies only when a district court sets the initial term of a defendant's probation, and not when this probation is later revoked.

Affirmed.