No. 89,512

STATE OF KANSAS, *Appellee,* v. LARRY L. PURDY, *Appellant.*

(89 P.3d 591)

Opinion filed May 14, 2004.

*Cory D. Riddle,* assistant appellate defender, argued the cause and was on the briefs for appellant.

*Douglas W. McNett,* assistant county attorney, argued the cause, and *Phill Kline,* attorney general, was with him on the briefs for appellee.

The opinion was delivered by

LUCKERT, J.: Larry Purdy was placed on probation after pleading guilty to possession of methamphetamine with intent to sell. After Purdy violated his probation, the district court reinstated his probation but extended it for an additional 18 months. Purdy appealed, arguing that the extension was an illegal sentence because the district court failed to set forth with particularity its reasons for extending probation as required by K.S.A. 2003 Supp. 21-4611(c)(5).

The Court of Appeals affirmed, ruling that K.S.A. 2003 Supp. 21-4611(c)(5) applies only when a district court sets the initial term of a defendant's probation and not when the defendant's probation is later revoked and reinstated. *State v. Purdy,* 31 Kan. App. 2d 1087, 1090, 77 P.3d 514 (2003). This court granted Purdy's petition for review.

*Facts*

The facts of this case are undisputed and were set out by the Court of Appeals as follows:

"On April 12, 1999, the defendant entered a plea of guilty to possession of methamphetamine with intent to sell, a violation of K.S.A. 65-4161(a), a severity level 3 drug felony. The district court sentenced the defendant to a 36-month probation term, with an underlying prison term of 30 months. The term of probation was set to begin running upon the defendant's release from prison in a separate case. As a special condition of his probation, the defendant was required to successfully complete drug and alcohol treatment while incarcerated and was to come before the court for review of his treatment upon release from prison. The defendant was released from prison on December 4, 2000. On January 18, 2001, the defendant's probation term was reduced to 18 months, in accordance with Senate Bill 323, K.S.A. 2000 Supp. 21-4611(c)(5).

"On April 19, 2002, the State filed a motion to revoke the defendant's probation on the grounds that the defendant had failed a drug test, admitted to drug usage, and had been arrested on new drug charges. In response, the defendant filed a motion to correct an illegal sentence, contesting the district court's calculation of the date his probation term began. In the alternative, the defendant argued that his probation should not be revoked based in part on his good behavior and the irregular nature of his sentence.

"On July 24, 2002, a hearing was held on both motions. Following argument on the defendant's motion to correct an illegal sentence, the State presented testimony regarding the defendant's probation violations. Eventually, the district court reinstated the defendant's probation, but extended it for an additional 18 months from June 4, 2002, the date that the original term of probation would have expired. The court further required the defendant to be assessed for drug treatment and to follow the assessment recommendations. The defendant timely appealed.

"Subsequent to the appeal, the State filed a motion to revoke the defendant's probation on December 30, 2002. The defendant's probation was ultimately revoked on April 17, 2003, due to 'drug use and new drug charges,' and the defendant was ordered to serve the underlying 30-month prison sentence." *Purdy*, 31 Kan. App. 2d at 1087-88.

*Did the Extension of Defendant's Probation Constitute
an Illegal Sentence Because the District Court Failed to set Forth
with Particularity the Reasons for Extending Probation as Required
by K.S.A. 2003 Supp. 21-4611(c)(5)?*

The issue raised on Purdy's appeal involves the interpretation of statutes, a question of law over which this court exercises unlimited review. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

K.S.A. 2003 Supp. 21-4611(c) sets out the applicable period of probation or assignment to community corrections for felony crimes committed on or after July 1, 1993. Pursuant to subsection

(c)(4), the statutorily mandated probation term for Purdy's conviction is a maximum of 18 months.

K.S.A. 2003 Supp. 21-4611(c)(5) provides:

"If the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided in subsections (c)(3) and (c)(4), the court may impose a longer period of probation. Such an increase shall not be considered a departure and shall not be subject to appeal."

The Court of Appeals determined that K.S.A. 2003 Supp. 21-4611(c)(5) applies only when the district court sets the initial term of a defendant's probation. Thus, the court found the statute inapplicable to Purdy whose probation was revoked and reinstated. Instead, the court found that K.S.A. 2003 Supp. 22-3716(b) applies when a district court revokes and reinstates a defendant's probation.

The Court of Appeals recognized two recent cases interpreting K.S.A. 2003 Supp. 21-4611(c)(5), *State v. Jones*, 30 Kan. App. 2d 210, 41 P.3d 293 (2001), and *State v. McIntyre*, 30 Kan. App. 2d 705, 46 P.3d 1212 (2002), but found those cases to be distinguishable.

In *Jones,* the defendant Jones was sentenced in 1998 to 24 months' probation. After K.S.A. 2000 Supp. 21-4611 took effect, which would have shortened Jones' probation to 12 months, the State filed an application to revoke his probation. The district court eventually extended Jones' probation to December 1, 2000, the term imposed at his original sentencing. The court later revoked Jones' probation and ordered him to serve the underlying prison sentence.

Jones argued that the district court's extension of his probation did not meet the requirements of K.S.A. 2000 Supp. 21-4611(c)(5) because the court's order did not set forth with particularity the reasons for extending probation. The Court of Appeals agreed, ruling that the district court's failure to make the findings required by the statute was an abuse of discretion resulting in an illegal sentence. Thus, the case was reversed and remanded for the dis-

trict court to make the appropriate findings. 30 Kan. App. 2d at 214.

In *McIntyre*, the district court granted a downward dispositional departure and assigned the defendant to Labette Correctional Conservation Camp. One year later, the court revoked the defendant's probation and reinstated it for a period of 24 months. Under K.S.A. 2001 Supp. 21-4611(c)(3), the maximum probation term was 12 months. 30 Kan. App. 2d at 705-06.

The *McIntyre* court noted that this court had determined that "the decision of the *Jones* panel is controlling authority upon other Court of Appeals panels." 30 Kan. App. 2d at 709. Consequently, the court in *McIntyre* held that a trial court's failure to set forth with particularity the required findings under K.S.A. 2001 Supp. 21-4611(c)(5) results in an illegal sentence subject to appellate review. 30 Kan. App. 2d at 708-09. The court then ruled that the district court's explanation of its reasons for extending the defendant's probation was sufficient to satisfy the particularity requirement of K.S.A. 2001 Supp. 21-4611(c)(5). 30 Kan. App. 2d at 709.

In this case, the Court of Appeals found *Jones* and *McIntyre* to be distinguishable because those cases "involve a situation in which the defendant's probation was revoked after Senate Bill 323 [K.S.A. 2000 Supp. 21-4611] took effect. Under the newly created statute, the district court was required to state findings of particularity on the record in order to extend the term of the defendant's probation beyond the presumptive sentence under K.S.A. 2000 Supp. 21-4611(c)(3)." *Purdy*, 31 Kan. App. 2d at 1089.

The Court of Appeals correctly distinguished between this case and *Jones* and *McIntyre* because, here, Purdy's probation term had already been retroactively modified as provided for by K.S.A. 2003 Supp. 21-4611(d). In *Jones* and *McIntyre*, the district court had yet to apply the retroactive provisions of the statute shortening the defendants' probation terms. In other words, K.S.A. 2003 Supp. 21-4611(c)(5) applies only when a district court imposes an initial term of probation *or* when the court complies with the retroactivity provision of K.S.A. 2003 Supp. 21-4611(d) to modify a defendant's probation term.

The Court of Appeals found that a different statute, K.S.A. 2003 Supp. 22-3716(b), applies when a district court revokes and reinstates a defendant's probation. *Purdy,* 31 Kan. App. 2d at 1089. That statutes provides that, if a probation violation is established, the district court may continue or revoke the defendant's probation. The statute also places limitations on when a defendant whose probation has been revoked may be required to serve time in a state department of corrections facility. If a defendant has not had at least one prior assignment to a community corrections program as part of his or her original sentence, the district court cannot require that defendant to serve time in a state facility unless the court "finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by such assignment to a community correctional services program." K.S.A. 2003 Supp. 22-3716(b).

The Court of Appeals correctly concluded that because Purdy was not sentenced to serve time in a state facility, the district court was not required to make particularized findings in extending Purdy's probation. *Purdy,* 30 Kan. App. 2d at 1089-90.

However, Purdy argues that the Court of Appeals erred in failing to consider K.S.A. 2003 Supp. 21-4611(c)(5) and (c)(8) which control extensions and modifications of probation. As Purdy notes, K.S.A. 2003 Supp. 22-3716(b) contains no provisions governing the time periods for which probation may be continued or extended. Only K.S.A. 2003 Supp. 21-4611 contains those time limits.

Specifically, K.S.A. 2003 Supp. 21-4611(c)(8) governs the length of permissible extensions of probation. That subsection provides:

"The court may modify or extend the offender's period of supervision, pursuant to a modification hearing and judicial finding of necessity. Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term."

This court was recently charged with interpreting K.S.A. 2003 Supp. 21-4611 in *State v. Gordon,* 275 Kan. 393, 66 P.3d 903 (2003). The issue in *Gordon* was whether a district court could extend a defendant's probation until restitution was paid in full

without holding a modification hearing or making a judicial finding of necessity. The *Gordon* court described the provisions of K.S.A. 2003 Supp. 21-4611 as follows:

"Reading the provisions of the statute together, we conclude that in all cases for crimes committed on or after July 1, 1993, the duration of probation in felony cases is set in K.S.A. 2002 Supp. 21-4611(c)(1) through (4). However, for crimes falling within subsections (3) and (4), the court may, if it finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served, impose a longer period of probation, which according to subsection (5) shall not be considered a departure and subject to appeal. With the exception of subsections (c)(7) and (c)(8), the total period in all cases shall not exceed 60 months or the maximum period of the prison sentence that could be imposed whichever is longer. *With the exception of subsection (c)(7), any extension for all cases beyond the initial maximum provided for in subsection (c)(6) must be accomplished under subsection (c)(8) pursuant to a modification hearing and a judicial finding of necessity.* No limit is provided for in subsection (c)(7), and no express provision for a hearing is included." (Emphasis added.) 275 Kan. at 405-06.

Thus, subsection (c)(8) requires only a hearing and a judicial finding of necessity before a district court may extend a defendant's probation. It does not call for the same kind of particularized findings required by subsection (c)(5). The requirements of subsection (c)(8) were met in this case where the district court held a hearing and determined that Purdy's probation should be extended so that he could undergo a drug evaluation and follow its recommendations.

Affirmed.