NOT DESIGNATED FOR PUBLICATION

Nos. 114,857
114,858

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN ALAN GARCIA,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed February 24, 2017. Affirmed in part, vacated in part, and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.


*Per Curiam*:  Nathan Alan Garcia appeals from probation revocations in two separate cases. In the first case, Garcia contends that the district court lacked jurisdiction to revoke his probation because he had already served his maximum period of probation. In the second case, Garcia argues the district court abused its discretion by not continuing his probation so he could receive drug treatment. We agree with Garcia's first contention but not with the second.

1

*Factual and procedural background*

On October 29, 2009, Nathan Alan Garcia pleaded guilty in case 09CR598 to one count of aggravated failure to appear, a severity level 10 nonperson felony. On December 7, 2009, the district court sentenced Garcia to 8 months' imprisonment, to run concurrent to sentences imposed in Saline County, Kansas, in cases 09CR396 and 08CR1206. The district court suspended the sentence and ordered Garcia to serve 18 months' probation.

While on probation, Garcia was subject to multiple intermediate sanctions and modifications. Additionally, the district court extended Garcia's probation on October 28, 2011, for 12 months, and on November 6, 2012, for 18 months.

On June 17, 2014, in case 13CR1199, Garcia pleaded no contest to one count of possession of a controlled substance. At the sentencing hearing held on September 15, 2014, the district court granted a dispositional departure and ordered Garcia to serve 18 months' probation with an underlying 34-month prison sentence. The district court ordered this case to run consecutive to Garcia's other cases—09CR396 and 09CR598. The district court also extended Garcia's probation for 18 months in case 09CR598.

On March 25, 2015, in cases 09CR598 and 13CR1199, the district court revoked Garcia's probation, ordered a 180-day dunk in prison, and reinstated his probation, extending it 18 months from his release from prison. By that time, Garcia had completed his sentence in 08CR1206 and 09CR396. Garcia was released from prison on July 17, 2015.

On August 14, 2015, the State filed a motion to revoke Garcia's probation in both cases—09CR598 and 13CR1199. The State alleged Garcia had failed to report to the Intensive Supervision Officer as directed and had failed to complete mandatory drug treatment and follow all recommendations made. Following an evidentiary hearing,

Garcia requested that the district court reinstate his probation to allow him to complete drug treatment, but the district court found it was "very clear" that Garcia "was not amenable to probation and [was] wasting everyone's time."

In September 2015, the district court revoked Garcia's probation and ordered him to serve the underlying sentences in both cases. Garcia stated he had completed serving his sentence in 09CR598. The State had not looked into this prior to the hearing, so the district court left it to the Kansas Department of Corrections to determine whether Garcia's sentence had been completed in case 09CR598, and ordered Garcia to receive credit for time served. The court also indicated that Garcia would not receive credit for time spent in SB 123 treatment, and the parties do not challenge that ruling.

The journal entry of judgment shows that Garcia was ordered to serve the underlying sentences in both 09CR598 and 13CR1199, that his sentences were ordered to run consecutively, and that the jail time credit was awarded to 09CR598 first. Garcia timely appeals.

*The district court erred by revoking Garcia's probation in case 09CR598 and by applying jail time credit to that sentence*

Garcia argues that when the district court revoked his probation in case 09CR598 in September 2015, it lacked jurisdiction to do so because he had already served the maximum period of probation allowed. Garcia further contends that because the district court lacked jurisdiction to impose the sentence, it erred by applying jail time credit to case 09CR598 and should instead award the jail time credit to case 13CR1199.

Although Garcia did not raise this issue below, this is a matter of subject matter jurisdiction which may be raised at any time, even for the first time on appeal and on the appellate court's own motion. *State v. Sales*, 290 Kan. 130, 135, 224 P.3d 546 (2010).

3

Whether jurisdiction exists is a question of law over which our scope of review is unlimited. *State v. Dull*, 302 Kan. 32, 61, 351 P.3d 641 (2015), *cert. denied* 136 S. Ct. 1364 (2016).

> "A district court has jurisdiction to revoke probation so long as proceedings are commenced within 30 days after the probation term expires. [Citations omitted.] If proceedings are not commenced prior to the expiration of the 30-day period of K.S.A. 2009 Supp. 22-3716(d), the district court no longer has jurisdiction over the probationer. [Citation omitted.]" *State v. Hoffman*, 45 Kan. App. 2d 272, 275-76, 246 P.3d 992 (2011).

Garcia contends the district court lost jurisdiction to revoke his probation by failing to timely begin his probation revocation proceedings.

To determine whether the district court had jurisdiction to revoke Garcia's probation and order him to serve his underlying prison sentence, we must examine two statutes: K.S.A. 2015 Supp. 21-6608(c)(8), invoked by Garcia; and K.S.A. 2015 Supp. 22-3716, invoked by the State. This is a matter of statutory interpretation, which is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

Garcia asserts that his probation could not continue more than 5 years from the date of his original sentence in the case, relying on K.S.A. 2015 Supp. 21-6608(c)(8). Because he was initially sentenced in case 09CR598 on December 7, 2009, he contends his probation term expired on December 7, 2014; thus, the district court lost jurisdiction to revoke it 30 days thereafter. If so, the district court acted without jurisdiction in revoking his probation in this case in March and in September 2015.

4

When Garcia committed his probation violations in 2014 and 2015, 21-6608(c)(6) stated the general rule that the total period of probation in felony cases "shall not exceed 60 months, or the maximum period of the prison sentence that could be imposed whichever is longer." See *State v. Kurtz,* 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014) (finding the legislature intended a probation violation to be governed by the law at the time the violation occurred, rather than the law at the time the probation revocation hearing is held or when the underlying crime was committed), *cert. denied* 302 Kan. 1017 (2015). Because Garcia's maximum period of prison sentence in case 09CR598 was less than 60 months, his total period of probation, per this statute, was 60 months. "The history of the statute, in all its versions since 1993, confirms a consistent intent by the legislature to include a provision in the probation statute that sets a maximum, 'total period' of felony probation for 'all cases' at 60 months." *State v. Collins*, No. 108,660, 2013 WL 5187668, at *4 (Kan. App. 2013) (unpublished opinion), *aff'd* 303 Kan. 472, 362 P.3d 1098 (2015). We apply the rule of statutory interpretation that absent an ambiguity, the plain meaning of the words chosen by the legislature will control and courts will not add words to the law. See *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

But that general rule is subject to exceptions stated in K.S.A. 2015 Supp. 21-6608(c)(7) and (c)(8). The latter provides that the court could *extend* the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity, for a maximum period of 5 years.

"6) *except as provided in subsections (c)(7) and (c)(8), the total period in all cases shall not exceed 60 months*, or the maximum period of the prison sentence that could be imposed whichever is longer. Nonprison sentences may be terminated by the court at any time;

(7) if the defendant is convicted of nonsupport of a child, the period may be continued as long as the responsibility for support continues. If the defendant is ordered

5

to pay full or partial restitution, the period may be continued as long as the amount of restitution ordered has not been paid; and

> (8) *the court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. Such extensions may be made for a maximum period of five years* or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term."

(Emphasis added.) K.S.A. 2015 Supp. 21-6608(c)(6)-(c)(8).

The plain language of the statute generally provides for a 5-year (60 months) maximum period of total probation in subsection (c)(6), but it provides an exception for 5-year extensions in subsection (c)(8). Subsection (c)(8) "governs the length of permissible extensions of probation" made pursuant to a modification hearing and a judicial finding of necessity, not the total length of probation. See *State v. Purdy*, 277 Kan. 730, 734-35, 89 P.3d 591 (2004) (examining identical language of K.S.A. 2003 Supp. 21-4611[c][8]).

The State, however, does not invoke any exception stated in 2015 Supp. K.S.A. 21-6608(c)(7) or (c)(8) to the general rule, as applied here, that Garcia's total period of probation shall not exceed 60 months. Instead of arguing that a 5-year extension applies, the State contends that K.S.A. 2015 Supp. 22-3716 applies to violations of probation and probation revocations and has no maximum probation period. This statute addresses intermediate sanctions the district court may impose when an offender violates conditions of probation and provides circumstances where the district court is not required to impose intermediate sanctions and may instead revoke the offender's probation and order the probationer to serve the underlying sentence.

The State asserts that K.S.A. 2015 Supp. 21-6608 addresses the modification or extension of probation, but has no application when probation is revoked. In support, the State cites the following sentence from *State v. Jones*, No. 111,028, 2015 WL 5311989, at *4 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. 1019 (2016): "[K.S.A. 2013 Supp. 21-6608(c)(8)] does not apply when the district court is revoking,

6

reinstating, and extending a defendant's probation based on a probation violation." The State thus suggests that no maximum period of probation applies in such cases, so the court can find a defendant has violated his probation and enter an appropriate sanction without regard to the 60-month statutory maximum in K.S.A. 2015 Supp. 21-6608(c)(6) or the 5-year extension in K.S.A. 2015 Supp. 21-6608(c)(8).

We do not believe that *Jones,* when read in context, supports the State's conclusion. *Jones* addressed whether the district court failed to make sufficient findings of necessity as required under K.S.A. 2013 Supp. 21-6608(c)(8) before extending Jones' probation. 2015 WL 5311989, at *4. We held:

"K.S.A. 2013 Supp. 21-6608(c)(8) allows the district court to modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. But this statute does not apply when the district court is revoking, reinstating, and extending a defendant's probation based on a probation violation. The probation violation itself provides sufficient grounds to reinstate and extend the term of the probation." (Emphasis added.) *Jones*, 2015 WL 5311989, at *4.

*Jones* held that when a defendant violates conditions of probation, the finding of a violation is sufficient for the district court to modify or extend probation; thus, a modification hearing and a judicial finding of necessity are not required. But *Jones* did not hold that 21-6608(c)(6)'s general 60-month maximum total probation period does not apply when probation has been revoked. *Jones* did not defeat the statutory rule that "except as provided in subsections (c)(7) and (c)(8), the total period in all cases shall not exceed 60 months, or the maximum period of the prison sentence that could be imposed, whichever is longer." K.S.A. 2015 Supp. 21-6608(c)(6). Given the plain language of that statute, we are not persuaded by the State's contention that probation revocations are an unstated exception to the rule that the "total period" of felony probation for "all cases" is 60 months.

The State also argues the incorrectness of *State v. Good*, No. 113,442, 2016 WL 5344069, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 305 Kan. ___ (January 23, 2017). Good argued that a probation extension constituted an illegal sentence because it continued his probation beyond the 60-month statutory maximum in K.S.A. 2015 Supp. 21-6608(c)(8). There, the State contended that K.S.A. 2015 Supp. 21-6608(c)(6) stated the maximum probation sentence a defendant could receive and that subsections (c)(7) and (c)(8) provided for three exceptions to that maximum: (1) when a defendant has been convicted of nonsupport of a child and the responsibility for support continues beyond the term of probation; (2) when a defendant has been ordered to pay full or partial restitution and the amount of restitution ordered has not been paid during the term of probation; and (3) if the court holds a modification hearing and makes a judicial finding of necessity.

The court found that when Good committed his probation violations, K.S.A. 2015 Supp. 21-6608(c)(8) provided that 60 months was the maximum period of probation that could be imposed. The panel found that the district court issued an illegal sentence by revoking Good's probation approximately 72 months after he had initially been granted probation. It then concluded: "The State's contention that probation can be extended to beyond 60 months could only be correct if the last extension or revocation occurred before the running of the 60 months. This did not occur here." *Good*, 2016 WL 5344069, at *3.

Similarly, Garcia's revocation in case 09CR598, which occurred in September 2015, was beyond his initial 60-month period which began in December 2009 and expired in December 2014. No exception stated in K.S.A. 2015 Supp. 21-6608(c)(7) or (c)(8) to that 60-month period has been argued. When the district court revoked Garcia's probation on September 2, 2015, and ordered him to serve the underlying sentence in case 09CR598, the district court imposed an illegal sentence.

Although Garcia does not argue his sentence was illegal, this court may correct an illegal sentence *sua sponte*. *State v. Kelly*, 298 Kan. 965, 975-76, 318 P.3d 987 (2014). An illegal sentence includes a "sentence imposed by a court without jurisdiction." *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Garcia's probation was revoked almost 69 months after he was first granted probation. By that date, the district court had lost jurisdiction to revoke Garcia's probation. Accordingly, ordering him to serve the underlying sentence was an illegal sentence. See *Good*, 2016 WL 5344069, at *3.

The State contends that this result creates a "restrictive timeframe for probation" and will force the State to ask the court to revoke and remand defendants to serve their underlying sentences as the expiration period approaches, potentially resulting in a larger number of defendants being sent to prison, contrary to the purpose of probation. But the State could avoid that result by invoking a (c)(7) or (c)(8) exception to the 60-month general rule, something it does not do in this case. And if any such problem persists, that is a matter for the legislature, not the courts, to fix.

Because Garcia had completed his sentence in case 09CR598, the district court erred in ordering him to serve the underlying sentence in that case. The district court accordingly erred by applying Garcia's jail time credit to the underlying sentence in 09CR598. Accordingly, we vacate the revocation of probation in case 09CR598 and remand for the district court to determine proper allocation of the jail time credit.

*The district court did not abuse its discretion by revoking Garcia's probation in case 13CR1199*

Garcia next argues the district court abused its discretion in case 13CR1199 by denying his request to continue probation so he could receive drug treatment. He contends that alternative dispositions were more appropriate in his case.

9

Unless otherwise required by law, probation is a privilege, not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). To sustain an order revoking probation, the State must first establish commission of the violation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). This burden "is established when the evidence demonstrates a fact is more probably true than not true." *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007).

Once evidence is shown of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. *Gumfory*, 281 Kan. at 1170. An abuse of discretion occurs when a judicial action is arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. *State v. Turner*, 300 Kan. 662, 675, 333 P.3d 155 (2014). Garcia bears the burden of showing such abuse of discretion. See *State v. Brown*, 300 Kan. 565, 571, 331 P.3d 797 (2014).

On appeal, Garcia does not dispute the factual determination that he violated the conditions of probation. Furthermore, an evidentiary hearing was held where Garcia's Intensive Supervision Officer, Matthew Lange, testified that Garcia had been under community corrections supervision since September 15, 2014. Lange further testified that the Kansas Department of Corrections released Garcia from a 180-day prison dunk on July 17, 2015, and efforts had been made for Garcia to reside at the Serenity House, a local sober-living housing facility, to complete his reintegration after his drug treatment. Garcia refused to reside at Serenity House due to a conflict, although Lange was not sure if the conflict was with a resident or the person running the program.

Lange also testified that arrangements had been made for Garcia to be placed in City on a Hill (COAH), an out-of-town treatment facility. Garcia was admitted to COAH on July 23, 2015, but was unsuccessfully discharged 5 days later due to his "negative attitude, his confrontation, belligerent, taking food from others, hygiene and . . . he verbalized that he had every intention of using when he got out of [t]here."

10

Lange ultimately recommended revocation due to Garcia's failure to complete reintegration, his attitude and behavior while on probation, and his repeated violations, as well as his completion of a prison dunk as a result of a prior probation violation.

Garcia also testified at the hearing. He stated that the integration program at COAH was not the right fit because it was geared toward alcoholics, not someone with a methamphetamine addiction, and "it was just not the right place for [him]." Garcia suggested the name of another facility he wanted to attend in order to complete the reintegration program. Garcia said he had previous success there when he completed inpatient treatment. When asked how he could show that he was going to be successful if given another probation opportunity, Garcia stated:

> "I've been willing to do the sobriety thing for about a year now, and it's not easy to do. And I can only say that I can be clean one day at a time. That's—I mean, that's as far as I can go. Beyond that, it's out of my hands. It's just difficult, and it's so many—so many years of doing the same old thing has caused my thinking to be different than other individuals in society."

After hearing the testimony and considering the evidence, the district court revoked Garcia's probation, finding he was not amenable to probation. The record supports that conclusion; thus, Garcia has shown no abuse of discretion.

We therefore affirm the district court's revocation of probation in case 13CR1199. We vacate the district court's order in case 09CR598 revoking Garcia's probation, imposing the prison sentence to be served and applying jail time credits to the underlying sentence in that case. We remand case 09CR598 to the district court for proceedings consistent with this opinion.

Affirmed in part, vacated in part, and remanded for further proceedings.