NOT DESIGNATED FOR PUBLICATION

Nos. 115,772
115,810

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CATRIEN ANN VAN PETTEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL RIOS and DAVID DEBENHAM, judges. Opinion filed June 2, 2017. Affirmed.

*Reid T. Nelson*, of Capital and Conflicts Appellate Defender, for appellant.

*Kendall Kaut*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BUSER and POWELL, JJ.

POWELL, J.: Catrien Ann Van Petten appeals the revocation of her probation, arguing the district court lacked jurisdiction to revoke her probation and order her to serve her underlying sentence because the district court did not make any findings of necessity. For the reasons explained below, we disagree and affirm.

1

Ostensibly, this appeal arises from the revocation of Van Petten's probation in two separate cases—12CR1620 and 14CR723. However, the arguments in her brief are directed to alleged errors committed by the district court in case 12CR1620, not 14CR723. In fact, the headings in her brief repeatedly—and mistakenly—refer to case 12CR1601. Because issues not briefed or points only raised incidentally and not argued in a brief are deemed waived or abandoned, we affirm the district court's revocation of Van Petten's probation in case 14CR723. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016); *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). Our remaining discussion will be limited to the issues surrounding case 12CR1620.

Turning to the relevant facts, in case 12CR1620, Van Petten pled no contest to possession of methamphetamine. During sentencing on July 5, 2013, Van Petten's counsel argued that the district court did not need to order additional services because Van Petten was already in a drug treatment program. The district court sentenced Van Petten to 20 months in prison but placed her on probation from that sentence for 18 months pursuant to K.S.A. 2011 Supp. 21-6824, commonly referred to as Senate Bill 123. The court stated at sentencing:

> "The Court would suspend execution of your sentence and place you on 18 months of supervised probation with ISP pursuant to Senate Bill 123. I believe that if it is a duplication the ISP officer has discretion to not repeat the same treatment if it's already been provided; however, that would give [you] the opportunity; and there would be funds for [you] to enter programs if needed."

The sentencing journal entry was stamped "SB 123" in red ink.

On April 18, 2014, the State filed a motion seeking revocation of Van Petten's probation, alleging that Van Petten had committed a new crime. At the probation

2

violation hearing on May 14, 2014, Van Petten stipulated to violating her probation by failing to remain crime free by using drugs. The district court revoked her probation in 12CR1620 and ordered a 60-day jail sanction because she had already served two quick-dip jail sanctions. Van Petten's attorney asked the court to extend her probation for another 18 months, and the court did so. Van Petten then entered a guilty plea to possession of methamphetamine in her new case, 14CR723.

Van Petten was eventually sentenced in case 14CR723 on March 3, 2015. There, the district court granted Van Petten's dispositional departure motion and sentenced her to 20 months in prison but granted supervised probation from that sentence for 12 months. This sentence was ordered to run consecutive to 12CR1620.

On July 14, 2015, the State filed a motion to revoke Van Petten's probation in both cases. At a probation violation hearing held on November 9, 2015, Van Petten stipulated to violating her probation; the district court ordered a 3-day jail sanction and extended probation for 12 months in both cases.

On February 10, 2016, the district court held another probation revocation hearing in both 12CR1620 and 14CR723. At this hearing, a Topeka police officer testified that on December 31, 2015, he found a passed-out driver who had crashed into two unoccupied vehicles. Van Petten was the driver. A substance in her pocket tested positive for methamphetamine, and the officers found stolen checks, stolen debit cards, a scale, and plastic baggies in the vehicle.

Van Petten's counsel agreed new crimes had been committed but argued that Van Petten deserved another chance on probation. The district court determined that Van Petten had failed to remain law abiding, noting that she had been placed on probation in two serious cases and had been given two additional chances on probation in 12CR1620. The court determined Van Petten was not amenable to probation because she had

committed a new crime while on probation, revoked her probation, and ordered Van Petten to serve the underlying prison sentences in both 12CR1620 and 14CR723.

Van Petten timely appeals.

DID THE DISTRICT COURT HAVE JURISDICTION TO REVOKE VAN PETTEN'S PROBATION?

Van Petten argues the district court did not have jurisdiction to revoke her probation because her probation term had expired for two reasons. First, she argues her original probation term should have only been 12 months instead of 18 months, meaning that at the time of the May 2014 probation violation hearing, her probation term had already expired. Second, Van Petten argues her probation was not properly extended at the May 2014 probation violation hearing; thus, at the time of the February 2016 revocation hearing her term of probation had already expired and the district court was without jurisdiction to revoke. Each argument will be addressed in turn.

"Whether the district court has jurisdiction to revoke probation is a question of law over which this court's review is unlimited. *State v. Williams*, 20 Kan. App. 2d 142, 145, 884 P.2d 743 (1994). Interpretation of a sentencing statute is a question of law, and the appellate court's standard of review is also unlimited. *State v. Walker*, 280 Kan. 513, 515, 124 P.3d 39 (2005)." *State v. Cisneros*, 36 Kan. App. 2d 901, 902, 147 P.3d 880 (2006).

A.     *The district court properly imposed probation for 18 months.*

"The district court has jurisdiction to revoke probation so long as proceedings are commenced within 30 days after the probation term expires." *State v. Hoffman*, 45 Kan. App. 2d 272, 275-76, 246 P.3d 992 (2011); see also K.S.A. 2016 Supp. 22-3716(a), (e) (probation revocation warrants may be issued "[a]t any time during probation" or up until

4

30 days after end of probation term). The district court's jurisdiction ceases with the termination of the probationary period plus 30 days. *Cisneros*, 36 Kan. App. 2d at 903.

Van Petten claims her initial probation period should have been only 12 months because under the general sentencing provisions of K.S.A. 2011 Supp. 21-6608(c)(3), a severity level 4 drug crime committed after July 1, 1993, typically carried a probation period of up to 12 months. In 12CR1620, Van Petten pled no contest to one count of possession of methamphetamine, a severity level 4 drug felony. See K.S.A. 2011 Supp. 21-5706(a), (c)(1). Therefore, Van Petten's arguments at first blush appear correct that the district court should have imposed a 12-month probationary period.

However, even if Van Petten was correct about her probation term, her argument is moot because the State sought to revoke Van Petten's probation within 12 months of her sentencing date. Van Petten was sentenced on July 5, 2013, and the State sought to revoke her probation on April 18, 2014, well within the 12-month time frame. Accordingly, even if the district court had applied the 12-month probation provisions of K.S.A. 2011 Supp. 21-6608(c)(3) as Van Petten argues should have happened, the district court still would have had jurisdiction to revoke her probation. See generally *State v. Bledsoe*, No. 111,955, 2015 WL 5036821, at *3 (Kan. App. 2015) (unpublished opinion) (probation revocation within 12-month presumptive probation term suggests issue moot).

Moreover, Van Petten also loses on the merits of her argument that she should not have been sentenced under the provisions of Senate Bill 123 to an 18-month probation term. We turn to the merits because she raises the issue later concerning another contention of error.

According to the sentencing journal entry, Van Petten's criminal history score, to which she did not object, was E. Pursuant to the law in effect at the time Van Patten committed her crime—August 27, 2011—a drug offender who unlawfully possessed a

5

controlled substance and whose crime was classified in the 4-E drug crime grid block was to be given the nonprison sanction of commitment to a certified drug abuse treatment program, provided there were no forbidden felony convictions in the offender's criminal history. K.S.A. 2011 Supp. 21-6824(a)(1). Under this statute, the district court was required to place the drug offender in a drug abuse treatment program until the court determined the offender was suitable for discharge but not to exceed 18 months. Such probationary period could be extended by the court. K.S.A. 2011 Supp. 21-6824(c).

One well-established rule of statutory construction dictates that the specific overrides the general. *Merryfield v. Sullivan*, 301 Kan. 397, 398, 343 P.3d 515 (2015). Therefore, the general 12-month presumptive probation provisions of K.S.A. 2011 Supp. 21-6608(c)(3) must give way to the specific sentencing provisions of K.S.A. 2011 Supp. 21-6824. Because Van Petten fell into the category of offenders entitled to drug offender treatment under Senate Bill 123 due to the nature of her offense, her criminal history, and the fact that she had no felony convictions which barred her eligibility for drug offender treatment, the district court properly sentenced Van Petten to an 18-month probation period.

B.    *Van Petten's probation was properly extended.*

Van Petten next argues her probation was not properly extended at the May 14, 2014, probation violation hearing and, therefore, her probation term had expired before the district court ultimately revoked her probation and imposed her prison sentence because it was without jurisdiction to do so. She argues that K.S.A. 2016 Supp. 21-6608(c)(8) requires "a judicial finding of necessity" before her probation could be extended.

K.S.A. 2016 Supp. 21-6608(c)(8) provides that "the court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial

6

finding of necessity." The extension of probation under "subsection (c)(8) requires only a hearing and a judicial finding of necessity before a district court may extend a defendant's probation. It does not call for the same kind of particularized findings required by subsection (c)(5)." *State v. Purdy*, 277 Kan. 730, 735, 89 P.3d 591 (2004).

Here, when the district court first extended Van Petten's probation on May 14, 2014, the following exchange occurred:

> "THE COURT: . . . I am going to revoke your probation but suspend execution of the original sentence and give you a 60-day sanction with credit for 33 days that you've already served. The Court would then order you to return to your ISP supervisor following that sanction. And, counsel, we are asking for the original term, no extension, is that correct?
>
> "[STATE]:  That, I don't know what was discussed. I would ask for an extension, Your Honor.
>
> "[DEFENSE]:  Yes, Your Honor. We, we did discuss that we would extend and do 18 months from today's date.
>
> "THE COURT:  Okay. The Court would extend your probation for an additional 18 months from today's date. When you return to probation—you are advised in this case that you have a right to appeal this Court's conviction and sentence within 14 days."

The court then addressed Van Petten's plea in 14CR723.

In light of the record quoted above, we must reject Van Petten's argument for three reasons. First, if there was any error, Van Petten invited it. A litigant may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). As the quote above shows, Van Petten's counsel clearly asked the court to extend her probation; therefore, we presume Van Petten took the position before the district court that such an extension was necessary. See *State v. Jones*, No. 111,028, 2015 WL 5311989, at *5 (Kan. App. 2015) (unpublished opinion) (invited error where

defendant joined in State's request to extend probation then objected on appeal on grounds of no necessity finding), *rev. denied* 304 Kan. 1019 (2016).

Second, we reject Van Petten's attempt to raise this issue for the first time on appeal. A party must object to inadequate findings to preserve the issue for appeal. *State v. Herbel*, 296 Kan. 1101, 1119, 299 P.3d 292 (2013). When no objection is made to a district court's inadequate findings, we can presume the district court made the necessary findings to support its judgment. *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015). Here, at no time did Van Petten object before the district court or even directly appeal the district court's decision to extend her probation on May 14, 2014. Accordingly, we presume the district court's decision to extend Van Petten's probation was necessary.

Third, and perhaps most importantly, we conclude that Van Petten's probation violation gave the district court the legal authority to extend her probation without a specific necessity finding. K.S.A. 2016 Supp. 22-3716(c)(1)(A) allows the district court to extend a defendant's probation as a sanction for the defendant having violated the conditions of probation. We agree with another panel of our court which held:

> "K.S.A. 2013 Supp. 21-6608(c)(8) allows the district court to modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. But this statute does not apply when the district court is revoking, reinstating, and extending a defendant's probation based on a probation violation. The probation violation itself provides sufficient grounds to reinstate and extend the term of probation." *Jones,* 2015 WL 5311989, at *4.

Given Van Petten's stipulation at the May 14, 2014, probation violation hearing that she violated the terms and conditions of her probation, the district court had the authority to extend her probation for another 18 months. No specific judicial finding was necessary; therefore, the district court did not err in extending Van Petten's probation.

Second, Van Petten argues she should not have been discharged from drug offender treatment because she did not meet the requirements for discharge under K.S.A. 2016 Supp. 21-6824(f)(1).

K.S.A. 2016 Supp. 21-6824(f)(1) provides:

"Offenders in drug abuse treatment programs shall be discharged from such program if the offender:
(A) Is convicted of a new felony; or
(B) has a pattern of intentional conduct that demonstrates the offender's refusal to comply with or participate in the treatment program, as established by judicial finding."

Our Supreme Court has established that K.S.A. 2016 Supp. 21-6824 does not provide the exclusive means of revocation for an offender sentenced under Senate Bill 123. In *State v. Gumfory*, 281 Kan. 1168, 1174, 135 P.3d 1191 (2006), the court concluded that "K.S.A. 2005 Supp. 21-4729(f)(1)(A) and (B) [now codified as K.S.A. 2016 Supp. 21-6824] do not set forth the exclusive grounds for revocation of S.B. 123 probation; rather, they set forth the grounds for when the district court *must* revoke the offender's S.B. 123 probation." The court rationalized:

"K.S.A. 2005 Supp. 21-4729(f)(1)(A) and (B) [now codified as K.S.A. 2016 Supp. 21-6824] set forth two occasions when offenders in drug abuse treatment programs 'shall' be discharged. However, nothing in the language of the statute suggests that these are the only occasions when an offender may be discharged. In this case, we note that the defendant had been discharged from the program *prior* to the revocation hearing due to 'safety concerns.' Where the legislature has granted the district court broad discretion concerning the conditions and revocation of probation, we find it unlikely that the legislature intended to prevent the district court from revoking the defendant's probation,

9

thus subjecting the drug abuse treatment court program personnel to further potential harm, because the defendant violated some terms of his probation rather than others." 281 Kan. at 1174.

Under K.S.A. 2016 Supp. 22-3716(c)(8)(A), a defendant's probation can be revoked if he or she commits a new felony and/or misdemeanor while on probation. Here, Van Petten's probation was revoked because she did not follow the conditions of her probation and committed a new felony and/or misdemeanor offense. Van Petten's probation in case 12CR1620 was properly revoked pursuant to K.S.A. 2016 Supp. 22-3716(c)(8)(A).

DID THE DISTRICT COURT ERR IN REVOKING VAN PETTEN'S PROBATION RATHER THAN IMPOSING AN ADDITIONAL NONPRISON SANCTION?

Third, Van Petten argues the district court was required to impose an additional nonprison sanction instead of revoking her probation and imposing her prison sentence. Specifically, she argues that according to K.S.A. 2016 Supp. 22-3716(g), a violation of the conditions of the drug and alcohol abuse treatment program subjects the offender to an additional nonprison sanction rather than revocation of her probation. We disagree.

If the State has proven a probation violation, the decision to revoke probation is reviewed for an abuse of discretion. *Gumfory*, 281 Kan. at 1170. Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013). As the appealing party, Van Petten has the burden to establish an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2016 Supp. 22-3716(g) states:

"Offenders who have been sentenced pursuant to K.S.A. 2016 Supp. 21-6824, and amendments thereto, and who subsequently violate a condition of the drug and alcohol abuse treatment program shall be subject to an additional nonprison sanction for any such subsequent violation."

However, Van Petten's probation violation was due to the commission of new crimes, not because she violated a condition of her drug and alcohol abuse program. Under K.S.A. 2016 Supp. 22-3716(c)(8)(A), a defendant's probation may be revoked if such defendant commits a new felony and/or misdemeanor while on probation. The district court had the authority to revoke Van Petten's probation, and, given her history of probation violations and committing new crimes while on probation, we can find no abuse of discretion in the district court's decision to revoke Van Petten's probation and impose her prison sentence.

WAS VAN PETTEN PROPERLY SENTENCED UNDER SENATE BILL 123?

Finally, Van Petten argues she should have been committed to drug offender treatment. Specifically, she argues that because she was not sentenced to drug offender treatment pursuant to Senate Bill 123, her original sentence was illegal and her case should be remanded for resentencing.

Again, we disagree with Van Petten because—as we explained earlier—the district court properly sentenced her to drug abuse treatment under Senate Bill 123. Van Petten's counsel stated at her original sentencing that she was already receiving drug treatment in the Topeka Correctional Facility and stated, "I don't think we need to order a drug treatment program." However, the district court ruled, "I believe if it is a duplication the ISP officer has discretion to not repeat the same treatment if it's already been provided; however, that would give her the opportunity; and there would be funds for her to enter programs if needed." In addition, the sentencing journal entry has the box for

11

drug treatment for up to 18 months checkmarked and includes the $300 Senate Bill 123 fee. Moreover, that same journal entry is stamped "SB 123" in red ink. Van Petten's sentence was legal.

Affirmed.