NOT DESIGNATED FOR PUBLICATION

Nos. 119,415
119,416

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CEDRICK D. GARDNER JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed October 19, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Cedrick D. Gardner Jr. appeals the district court's decision to extend his probation for 24 months after he admitted to violating the terms and conditions of his probation. We granted Gardner's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State did not file a response. After a review of the record, we affirm the district court.

Pursuant to a plea agreement with the State, Gardner pled guilty to possession of methamphetamine in 17CR119 and to making a false information in 17CR125. On April 28, 2017, the district court sentenced Gardner to presumptive sentences of 15 months and

1

10 months in prison, respectively, but placed him on probation for 18 months with mandatory drug treatment pursuant to SB123.

Less than a month later, on May 12, 2017, Gardner admitted to failing to attend in-patient drug treatment, waived his right to a hearing, and agreed to a three-day jail sanction. On September 27, 2017, the State sought to revoke Gardner's probation alleging that he had violated the terms of his probation by (1) committing domestic battery; (2) using alcohol; (3) failing to report; and (4) being unsuccessfully discharged from outpatient treatment. At a probation violation hearing conducted on November 9, 2017, Gardner admitted to all these violations save one, and the district court imposed a 3-day jail sanction and extended his probation for 18 months.

On December 29, 2017, the State again sought to revoke Gardner's probation, alleging that he had violated the terms of his probation by using drugs and by failing to report. At the probation violation hearing conducted on February 16, 2018, Gardner stipulated to violating the terms of his probation. The district court imposed a 60-day jail sanction with 15 days suspended, ordered Gardner into the drug court program provided he qualified, and extended Gardner's probation for 24 months. The district court's rationale for extending Gardner probation for 24 months was that he would need that time to successfully complete drug court.

On appeal, Gardner argues that the district court abused its discretion by extending his probation for 24 months. Once a violation has been established, the decision to modify the terms of probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398

2

P.3d 856 (2017). Gardner bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Upon a finding that a probationer has violated the terms of his or her probation, K.S.A. 2017 Supp. 22-3716(c)(1)(A) permits the district court to "[c]ontinu[e] or modif[y] the release conditions of probation." Moreover, the district court, subject to some limitations, has the discretion to extend a probationer's probation for up to five years. K.S.A. 2017 Supp. 21-6608(c)(8); see also *State v. Purdy*, 277 Kan. 730, 735, 89 P.3d 591 (2004) (holding that extensions of probation after violation is found is permissible to enable defendant to obtain drug treatment).

Here, it is undisputed that Gardner violated the terms of his probation and that he was in need of drug treatment. Given Gardner's previous failures to successfully complete drug treatment, the district court's determination that Gardner would be best served by drug court strikes us as reasonable. Moreover, according to the district court, successful completion of drug court would require supervision of at least 24 months, which makes its decision to extend Gardner's probation for 24 months also reasonable. As Gardner fails to provide us with any rationale demonstrating that *no* reasonable person would have taken the view of the district court, we conclude the district court did not abuse its discretion in extending Gardner's probation for 24 months.

Affirmed.