NOT DESIGNATED FOR PUBLICATION

No. 120,852

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW COX,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed April 24, 2020. Reversed and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.


PER CURIAM: Andrew Cox appeals from the district court's order extending his probation term after a probation violation. Cox argues the court erroneously extended his probation beyond the maximum term allowed by statute by two days. We agree and vacate the district court's order of January 1, 2019, solely as to the length of the extension of Cox's probation and remand the case to the district court to determine the length of the extension consistent with this decision. In no event, should the court extend Cox's probation past December 29, 2020. Therefore, we reverse and remand for further proceedings.

1

After being charged with multiple offenses in Reno County, Cox agreed to enter a plea to two felonies and a misdemeanor. On December 30, 2015, the district court complied with the parties' plea agreement and imposed a 21-month prison sentence and 12 months of postrelease supervision on the primary offense, ordering the sentences for the remaining counts to run concurrently. Based on Cox's criminal history score of E, the court suspended that sentence for a 24-month probation period. So Cox's probation was scheduled to run through December 29, 2017.

Six months later, the State moved to revoke Cox's probation based on multiple alleged probation violations, including unauthorized travel, failure to report, and continuing to engage in criminal activity based on an arrest in Topeka. The district court issued a bench warrant for Cox's arrest. After about six months on the run, the police arrested Cox and on January 27, 2017, he stipulated that he violated his probation. The court revoked and reinstated his probation for 24 months to begin upon his release from custody on a Douglas County matter. Douglas County released Cox and the district judge signed the new order of probation in this case on February 20, 2017. This meant his probation would run through February 19, 2019.

In August 2017, the State again moved to revoke Cox's probation. The State alleged that Cox violated the terms of probation by missing scheduled office visits, failing multiple drug tests, leaving or failing to attend treatment programs, and failing to maintain employment. In an amended motion, the State added allegations that Cox committed several new crimes in Shawnee County.

The district court held a probation violation hearing on August 31, 2018, at which Cox stipulated to most of the alleged violations. The court imposed a 60-day sanction,

gave him credit for time already served, and then reinstated Cox's probation for 12 months. As a result, Cox's probation was in place through August 30, 2019.

The State filed a third motion to revoke Cox's probation in October 2018, alleging that Cox admitted to consuming heroin, methamphetamine, PCP, and amphetamine pills; failed to report as directed; and left his reintegration program after failing to submit a urinalysis screening. The district court held a probation violation hearing on January 2, 2019. At the hearing, Cox stipulated to the violations. The court imposed a 180-day sanction and reinstated Cox's probation for 24 months. Again, this would mean Cox's probation would be in effect through December 31, 2020.

Cox timely appealed.

ANALYSIS

Cox argues that the district court was only authorized by statute to extend his probation up to 36 months from the initial 24-month term imposed at sentencing. He relies on K.S.A. 2019 Supp. 21-6608(c)(8).

> "[T]he court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term."

He contends the district court erred by extending his probation beyond the 60-month limit, creating an illegal sentence. Under Cox's argument, regardless of the length of the various extensions granted by the district judge, his probation had to end 5 years after his original sentencing date, making his last full day of probation December 29, 2020. Any order extending it longer than that date would constitute an illegal sentence. Because the

court's last order extended his probation through December 31, 2020, the sentence was illegal—by two days.

*Cox has not preserved his argument on any extensions of his probation other than the last one.*

Cox readily admits that he did not object to any of the extensions of his probation in the district court. Generally, a party must object to inadequate findings to preserve the issue for appeal. See *State v. Herbel*, 296 Kan. 1101, 1119, 299 P.3d 292 (2013). But he counters that he can challenge "the propriety of each extension because he is now contending that the extensions as a whole constitute an illegal sentence." This argument fails for two reasons. First, when a party fails to object to a district court's inadequate findings, this court must presume the court made the necessary findings to support its judgment. *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015). Second, Cox does not make any argument about the propriety of each extension. His only argument is that the district court extended his probation for longer than 60 months. A point raised incidentally in a brief and not argued in it is deemed abandoned. *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018).

Cox also argues that the journal entries entered after each extension were at variance to the decision announced from the bench as to the term of the extension and, at a minimum, we must order them corrected. But a criminal sentence is effective when it's pronounced from the bench; if the sentence announced differs from what the district court later records in a written journal entry, the sentence orally announced is the official sentence. *Abasolo v. State,* 284 Kan. 299, 304, 160 P.3d 471 (2007). In *State v. Baldwin*, 37 Kan. App. 2d 140, 143, 150 P.3d 325 (2007), this court found that the same principle applies in the context of special conditions announced in probation revocation and reinstatement proceedings. The length of a modified term of probation is a special

condition. And here, the court's oral rulings from the bench at each revocation hearing were clear and unassailable.

*The district court's extension of Cox's probation past December 29, 2020, was unlawful.*

Cox contends his sentence is illegal because his total probation term as ordered by the district court on January 2, 2019, does not adhere to the applicable statutory provisions. Because K.S.A. 2019 Supp. 22-3504(a) specifically authorizes a court to "correct an illegal sentence at any time while the defendant is serving such sentence," Cox's illegal sentence claim is properly before this court for consideration.

Whether a sentence is illegal under this statute is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Likewise, when resolving a question involves interpretation of a sentencing statute, that also presents a question of law subject to unlimited review. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018).

When a district court chooses to impose probation, the duration is limited by K.S.A. 2019 Supp. 21-6608. For felony offenses with a crime severity level of 7 like Cox's primary offense, the recommended duration is 24 months. K.S.A. 2019 Supp. 21-6608(c)(1)(B). When faced with a violation of that probation, the court has the authority to modify its terms. K.S.A. 2019 Supp. 22-3716(c)(1)(A). That said, K.S.A. 2019 Supp. 21-6608(c)(8) also provides that with limited exceptions, the total period of probation in all cases "may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed whichever is longer, *inclusive* of the original supervision term." (Emphasis added.)

The Kansas Supreme Court reinforced the plain meaning of the statute in *State v. Purdy*, 277 Kan. 730, 89 P.3d 591 (2004). The court noted that although K.S.A. 2003

5

Supp. 22-3716(b) (now K.S.A. 2019 Supp. 22-3716[c][1]) is the vehicle by which a court may extend probation, K.S.A. 2003 Supp. 21-4611(c)(8) (now K.S.A. 2019 Supp. 21-6608[c][8]) sets the limit on the total length of those extensions. See 277 Kan. at 734.

Likewise, we find no ambiguity in the statutory language. As it applies to this case, the term of the original probation plus all extensions could not exceed 60 months. It did by two days. Even without our decision here, if faced with revocation of his probation for a violation occurring after December 29, 2020, Cox could successfully argue that the district court lacked jurisdiction based on the illegality of the term. See *State v. Cisneros*, 36 Kan. App. 2d 901, 903, 147 P.3d 880 (2006) (finding that K.S.A. 2005 Supp. 22-3716, which gave the court the authority to extend probation, is jurisdictional, and the court maintains continuing jurisdiction over a probationer only during the time the probationer is on probation and ceases at the end of the probationary period).

For these reasons, we vacate the district court's order of January 1, 2019, solely as to the length of the extension of Cox's probation and remand the case to the district court to determine the length of the extended term consistent with this decision. In no event, should the district court extend Cox's probation beyond December 29, 2020.

Reversed and remanded with directions.